27393. DAYS v. CALDWELL.

JORDAN, Justice. This is an appeal by Days, petitioner in habeas corpus, from an order remanding him to custody after a hearing. While the petitioner alleged that he is being held by reason of a sentence illegally imposed on him in Laurens Superior Court in 1963 for auto theft, and that the sentence has expired, and while he testified, "I's positive I was tried in Laurens County" and denied any knowledge of any conviction in Twiggs Superior Court, the evidence on behalf of the respondent includes a record of conviction from Twiggs Superior Court in

1963 for which the petitioner received a sentence of three to five years for the theft of a motor vehicle and a concurrent sentence of 12 months for the theft of other property, and testimony that he is being held in custody to serve the remaining time on the sentence for theft of a motor vehicle, having escaped from custody on March 23, 1967, and having been returned to custody on February 16, 1971. Aside from his denial of any knowledge of his conviction in Twiggs Superior Court he offered no evidence to rebut the evidence for the respondent explaining the reason for his detention, although afforded full opportunity to do so by the habeas corpus judge. Moreover, he tacitly admits his escape, stating "I just left" explaining his departure on his belief that he was then in custody "two months overtime." His testimony also tends further to explain why he has never completed serving the sentence, in that he admits that he received a conditional release after serving two years and 23 days, and that in 1966 while free he received a 12-month sentence for another offense. Under the evidence the habeas corpus judge as the trior of fact was authorized to conclude the matter adversely to the respondent and remand him to custody. The appeal is without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 23, 1972.

Marcus Days, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.